**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1791-15T4

IN THE MATTER OF
JUSTINE BRANHAM, CITY
OF NEWARK.
_____

Submitted September 12, 2017 — Decided September 28, 2017

Before Judges Hoffman and Gilson.

On appeal from the New Jersey Civil Service Commission, Docket No. 2011-312.

Fusco & Macaluso Partners, LLC, attorneys for appellant Justine Branham (Amie E. DiCola, on the brief).

Kenyatta Stewart, Acting Corporation Counsel, attorney for respondent City of Newark (Corinne E. Rivers, Assistant Corporation Counsel, on the brief).

Christopher S. Porrino, Attorney General, attorney for respondent Civil Service Commission (Pamela N. Ullman, Deputy Attorney General, on the statement in lieu of brief).

PER CURIAM

Appellant Justine Branham, an officer with Newark Police Department (NPD), appeals from the December 18, 2015 final agency decision of the Civil Service Commission (Commission), dismissing her appeal of a six-day suspension from work. The Commission

concluded Branham released her right to pursue the administrative appeal as part of a settlement of a civil discrimination suit she had filed against the City of Newark (City).  We affirm.

I.

Branham's six-day suspension resulted from an incident that occurred on May 17, 2010.  Following the incident, the NPD deputy director charged Branham with violating department rules and regulations, alleging insubordination, failure to take responsibility for her own actions, and failure to obey orders.

Branham appealed her suspension to the Commission, which referred the case to the Office of Administrative Law (OAL).  Approximately ten months after Branham appealed her suspension to the Commission, she filed a discrimination suit in the Law Division; her complaint included two paragraphs specifically referencing her six-day suspension.  At Branham's request, the OAL stayed its proceedings pending the outcome of the civil suit.

On November 11, 2013, Branham settled her civil suit for a sum of money, signing a broadly-worded release (the Release),[1]

---

[1] The first paragraph of the Release states, in pertinent part:

> I release and give up any and all claims and
> rights which I may have against you.  This
> Releases all claims, including those of which
> I am not aware and those not mentioned in this
> Release.  This Release applies to claims

2

which made no exception for the pending appeal before the Commission.

Following the settlement, the City moved for summary decision in the OAL matter. The Administrative Law Judge (ALJ) held that neither she nor the Commission could enforce the civil settlement or remand the matter back to the civil court. Accordingly, the ALJ dismissed the matter for lack of subject-matter jurisdiction.

Upon review, the Commission adopted the ALJ's recommendation to dismiss the appeal, but based the dismissal on another ground. The Commission held that it had the ability to determine whether the terms of a duly executed settlement included the settlement of the disciplinary appeal. The Commission then found that Branham's civil settlement included a release of the claims at issue in the administrative appeal. The Commission therefore upheld the dismissal of the administrative appeal, which left the six-day suspension in place. This appeal followed.

## II.

Our review of actions by an administrative agency is limited. In re Herrmann, 192 N.J. 19, 27 (2007). We "should not disturb an administrative agency's determinations or findings unless there is a clear showing that (1) the agency did not follow the law; (2)

resulting from anything which has happened up to now.

the decision was arbitrary, capricious, or unreasonable; or (3) the decision was not supported by substantial evidence." In re Application of Virtua-West Jersey Hosp. Voorhees for a Certificate of Need, 194 N.J. 413, 422 (2008); Circus Liquors, Inc. v. Governing Body of Middletown Twp., 199 N.J. 1, 9-10 (2009). However, "because questions of law are the province of the judicial branch, we are in no way bound by an agency's interpretation of a statute or its determination of a strictly legal issue." Russo v. Bd. of Trs., Police & Firemen's Ret. Sys., 206 N.J. 14, 27 (2011) (citations omitted). This court "appl[ies] de novo review to an agency's interpretation of a statute or case law." Ibid.

As a matter of public policy, the courts of this State favor the enforcement of settlement agreements. Brundage v. Estate of Carambio, 195 N.J. 575, 601 (2008); see also Nolan v. Lee Ho, 120 N.J. 465, 472 (1990) (holding that settlements will usually be honored "absent compelling circumstances"). This policy acknowledges the self-evident "notion that the parties to a dispute are in the best position to determine how to resolve a contested matter in a way which is least disadvantageous to everyone." Jennings v. Reed, 381 N.J. Super. 217, 226-27 (App. Div. 2005) (quoting Peskin v. Peskin, 271 N.J. Super. 261, 275 (App. Div.), certif. denied, 137 N.J. 165 (1994)); see also Dragon v. N.J. Dep't of Envtl. Prot., 405 N.J. Super. 478, 491 (App. Div.)

4

(recognizing general ability to settle administrative proceedings) certif. denied, 199 N.J. 517 (2009). "Consequently, courts 'strain to give effect to the terms of a settlement wherever possible.'" Jennings, supra, 381 N.J. Super. at 227 (quoting Dep't of Pub. Advocate v. N.J. Bd. of Pub. Utils., 206 N.J. Super. 523, 528 (App. Div. 1985)).

Once the parties agree on the essential terms "and manifest an intention to be bound by those terms, they have created an enforceable contract." Weichert Co. Realtors v. Ryan, 128 N.J. 427, 435 (1992). "An agreement to settle a lawsuit is a contract which, like all contracts, may be freely entered into and which a court, absent a demonstration of 'fraud or other compelling circumstances,' should honor and enforce as it does other contracts." Pascarella v. Bruck, 190 N.J. Super. 118, 124-25 (App. Div.) (quoting Honeywell v. Bubb, 130 N.J. Super. 130, 136 (App. Div. 1974)), certif. denied, 94 N.J. 600 (1983). To undo a settlement agreement, there must be "clear and convincing evidence" warranting such action. De Caro v. De Caro, 13 N.J. 36, 42 (1953).

Branham makes three arguments. First, she contends that the administrative appeal is not a claim or right within the meaning of the release in the civil settlement. Second, she claims that the disciplinary administrative appeal is not barred by collateral

estoppel. Finally, she contends that she could not have settled her administrative matter without the "consent" of her counsel in the administrative matter. We reject these arguments and conclude they lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E). We add the following comments.

Our plenary review of the Release confirms the plain intention of the parties to resolve all of Branham's claims, without exception. There is nothing ambiguous about the language selected by the parties to memorialize their agreement.

Furthermore, the circumstances surrounding the execution of the Release, see N.J.S.A. 52:14B-9(d) ("[u]nless precluded by law, informal disposition may be made of any contested case by stipulation, agreed settlement, or consent order"), confirm that Branham released and gave up "any and all claims and rights" which she had against the City. The parties reached the settlement at the courthouse, with the benefit of counsel; both attorneys questioned Branham in open court, confirming that the parties had reached "a full and final settlement." The Commission properly enforced the Release in the absence of any proof that it was the product of fraud, overreaching, or unconscionability.

The Commission, like a court, cannot rewrite contracts to favor a party, for the purpose of giving that party a better bargain. Relief is not available merely because enforcement of

the contract causes oppression, improvidence, or because it produces hardship to one of the parties. <u>Brunswick Hills Racquet Club, Inc. v. Route 18 Shopping Ctr. Assocs.</u>, 182 <u>N.J.</u> 210, 223 (2005). Neither an agency nor a court can "'abrogate the terms of a contract' unless there is a settled equitable principle, such as fraud, mistake, or accident, allowing for such intervention." <u>Id.</u> at 224 (quoting <u>Dunkin' Donuts of America, Inc. v. Middletown Donut Corp.</u>, 100 <u>N.J.</u> 166, 183 (1985)). The record is bereft of any such evidence.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION